.(122 N. W. 386.)

---

WILLIAM KIDDER v. GEORGE B. BARNES, ET AL.

Opinion filed June 17, 1909.

**Mortgage — Priority — Discharge of Prior Mortgage.**

B and son were indebted to plaintiff in the sum of $40,000, part of which was secured by a mortgage on lands in North Dakota and Minnesota, and part of which indebtedness was unsecured. Being desirous of dividing this indebtedness, B and son made arrangements with plaintiff by the term of which B assumed $24,500 of said indebtedness, which he secured by a mortgage on land in North Dakota. The son assumed $15,500 of said indebtedness, which he secured by a mortgage on the Minnesota lands.

Plaintiff cancelled and surrendered up the old notes and executed a satisfaction of the mortgage on the Minnesota lands, but did not execute any satisfaction of the old mortgage on the North Dakota lands. *Held,* under the evidence in this case, that the old indebtedness was paid and cancelled, and the North Dakota lands were released from the lien of said mortgage executed by B and son.

After the execution of the first mortgage by B and son to plaintiff, and before the execution of the second mortgage by B to plaintiff, he executed a mortgage to W. H. & G. on one quarter section of the North Dakota land. *Held,* that such mortgage was prior and superior to plaintiff's mortgage.

Appeal from District Court, Richland county; *Frank P. Allen,* J.

Action by William Kidder against George B. Barnes and wife, Williams, Hallett & Griswold, and others. Judgment for plaintiff and defendants Barnes and wife and Williams, Hallett & Griswold appeal.

Modified and affirmed.

*Engerud, Holt & Frame,* and *B. D. Townsend,* for appellants.

*Purcell & Divet, F. P. Lane,* and *Mr. Nantz,* for respondent.

CARMODY, J. This is an appeal by defendants from a final judgment in a foreclosure suit. Appellants seek a retrial of the whole case. The complaint alleges, in substance, that defendants George B. Barnes, Sr., and wife and George B. Barnes, Jr., and wife, gave a mortgage to plaintiff, dated November 1, 1899 upon lands described in the complaint and also upon certain lands in Wilkin county, Minn., to secure a debt of $24,000 evidenced by five joint and several notes of said mortgagors to plaintiff bearing even date with the mortgage. Afterwards, on May 23, 1904, these notes evidencing said mortgage debt were cancelled and surrendered pursuant to an agreement of the parties thereto, but the indebtedness and mortgage remained in full force and effect; that pursuant to the same agreement George B. Barnes, Sr., and wife executed to plaintiff on May 27, 1904, four notes aggregating $24,500 in evidence of said mortgage debt in lieu of the old notes, and also executed a mortgage further securing the same upon the North Dakota land described in the previous mortgage and certain additional lands. Plaintiff prays for a personal judgment against George B. Barnes, Sr., and wife, and for a decree of foreclosure. George B. Barnes Sr., and wife plead that the debt and mortgage of November 1, 1899, was fully paid and satisfied by the new notes and mortgage of May 27, 1904, and that the latter mortgage and debt was thereafter paid and discharged on or about January 7, 1905, by an executed agreement made with plaintiff whereby said mortgagors conveyed and released to one Clinton B. Kidder all the mortgaged lands and other property (real and personal). They counterclaim for the recovery of $600 which they allege plaintiff agreed to pay them in connection with the transfer above mentioned. Williams, Hallett & Griswold plead that they hold a mortgage on the southwest

quarter of section 32, township 132, range 52, Richland county, given by said George B. Barnes, Sr., and wife on February 18, 1902, and duly recorded, securing a debt of $1,800. They allege the discharge and satisfaction of plaintiff's mortgages as pleaded by Barnes. They further plead in the form of a counterclaim the existence of the lien of their mortgage, and pray for a judgment establishing the same as a lien superior to any lien or claim of the plaintiff. The reply is a general denial. The issues were tried to the court without a jury, and resulted in findings and judgment substantially in accord with the allegations and prayer of plaintiff's complaint, except that no personal judgment was rendered against George B. Barnes and wife or either of them.

The findings and judgment dismissed the counterclaim of said Barnes and wife. The plaintiff, Willard Kidder, lived in Indiana, and had for many years been an intimate friend of George B. Barnes, Sr., and his family. Barnes Sr., was a clergyman living at Campbell, Minn. He and his son, George B. Barnes, Jr., owned and farmed a large quantity of land, near Wyndmere, known as the "Wyndmere property." It was equipped with the necessary horses, cattle, and machinery. They also owned a section or more of land in Wilkin county, Minn., near Campbell, known as the "Campbell property." Plaintiff had been for some years lending financial assistance to Barnes & Son, and on November 1, 1899, the latter with their respective wives jointly executed to Kidder five notes dated that day, aggregating $24,000. These notes are in evidence. To secure these notes the two Barneses, father and son, and their wives, gave the mortgage in suit, dated November 1, 1899, covering the Campbell and Wyndmere properties. Said mortgage was subject to prior incumbrances against the different tracts described in it. One of these tracts was the southwest quarter of section 32 in township 132, range 52. The title to this tract was at that time in the Howard Benevolent Society. Barnes, Sr., merely had a contract for the purchase thereof upon which there was then unpaid about $2,000. Barnes, Sr., obtained a deed for this land in March, 1902. At the time of obtaining this deed he mortgaged the land to defendants Williams, Hallett & Griswold for $1,800. The mortgage was dated and executed February 18, 1902, and was recorded before the deed to Barnes was recorded, March 15, 1902. The proceeds of this loan were used to pay up the balance due on the contract so as to enable Barnes to get the deed

of the land. In the spring of 1904 Barnes and his son desired to cease doing business jointly, and agreed that the son's share of the property should be set off to him subject to his share of the incumbrances. Plaintiff, as a friend of the family and creditor, was called in to assist in this settlement between father and son. In the settlement the Campbell property was assigned to George B. Barnes, Jr. The Wyndmere properties were retained by Barnes Sr. This settlement was made at Wahpeton, and was completed May 27, 1904. At that time the debt to plaintiff secured by the mortgage of November 1, 1899, was wholly unpaid, and amounted with accrued interest to $32,694.75. Barnes and son also then owed plaintiff three unsecured notes amounting at that time to the sum of $7,-864.43. Thus the total debt due plaintiff from Barnes and son, secured and unsecured, aggregated $40,559.18. Plaintiff discounted this $559.18, making the total debt $40,000, and this debt was then apportioned between Barnes and his son in the ratio of about 60 per cent. to the father and about 40 per cent. to the son. The father assumed $24,500 thereof, and was released from $15,500. The son assumed $15,500, and was released from the remainder. Notes were then executed by the father and son separately for their respective portions of the old debt. Barnes, Sr., then gave plaintiff a mortgage on the North Dakota lands to secure the new notes amounting to $24,500. This new mortgage included all the North Dakota land covered by the mortgage of November 1, 1899, and also some additional tracts. It recited that it was subject to certain prior incumbrances. Upon the consummation of this settlement, plaintiff cancelled and surrendered to the makers all the old notes evidencing the old debt, both secured and unsecured. The Campbell property was released from the old mortgage to plaintiff on November 1, 1899. This settlement and rearrangement of securities was made without the knowledge or consent of Williams, Hallett & Griswold. The financial affairs of Barnes, Sr., which had apparently been in a bad way for some time, went from bad to worse until the latter part of 1904 his situation became utterly hopeless. Chattel mortgages were being foreclosed and attachments were levied, and Barnes contemplated bankruptcy proceedings. At this crisis Barnes again turned to plaintiff for advice and assistance; the object, as claimed by Barnes, being to protect plaintiff as much as possible and incidentally save Barnes from the loss and annoyance of bankruptcy proceedings. As a result of a conversation between

plaintiff and Barnes in Indiana, Clinton B. Kidder, a son of plaintiff, was sent to Wahpeton to act for and represent his father in the adjustment of his affairs with Barnes, Sr. Clinton B. Kidder went to Wahpeton in December 1904, accompanied by Mr. Nantz, a lawyer from Indiana, and Mr. Lane, a lawyer from Minneapolis. George B. Barnes, Sr., and wife conveyed all the mortgaged lands to Clinton B. Kidder, and executed to him a bill of sale of all the personal property on the Wyndmere farm. Also, according to the testimony of Clinton B. Kidder, Barnes agreed to turn over to him a lease of a farm in Sargent county, known as the "Bilstad farm" on which lease there was two years' unexpired term. Clinton B. Kidder redeemed the personal property from the chattel mortgage sales and attachments, and took possession thereof and of all the lands, and has had the possession and use thereof since about January 5, 1905, up to the time of the trial of this action on the 13th day of April, 1906. When the lands were conveyed and chattels sold to Clinton B. Kidder, defendants Barnes and wife claim that he agreed to advance $1,200 in cash to be used in paying certain of Barnes' local debts. Six hundred dollars of this sum was not to be repaid by Barnes and wife. The other $600 was to be repaid, and was treated as a loan, Barnes to give his notes therefor. The defendants claim that the real and personal property was sold and conveyed to Clinton B. Kidder as the agent or trustee and representative of his father in full payment and satisfaction of the mortgage debt and subject to all incumbrances thereon. They also claim that the transaction in May, 1904, was a satisfaction and discharge of the debt and mortgage of November 1, 1899. They also claim that the Williams, Hallett & Griswold mortgage was a prior lien to any lien of plaintiff. Defendant Barnes and wife claim that plaintiff owes them $600 and interest on account of his son's alleged promise to pay that sum in consideration of the conveyance and bill of sale in January, 1905.

The evidence in this case is very voluminous. Much of it is incompetent. We think the evidence shows that all the indebtedness of George B. Barnes, Sr., and wife and George B. Barnes Jr., and wife was settled and cancelled by the transactions in May, 1904. The undisputed evidence shows that by the terms of that transaction the said indebtedness was divided and George B. Barnes, Sr., and wife assumed $24,500 for which they executed their promissory notes payable to plaintiff, secured by a mortgage executed by them

on the Wyndmere lands, which mortgage was subject to all incumbrances of record, and that afterwards George B. Barnes, Jr., and wife executed to plaintiff their promissory notes for $15,500 secured by a mortgage executed by them on the Campbell lands; that plaintiff canceled and surrendered all the notes secured and unsecured that he held against the Barneses; that he executed a satisfaction of the mortgage on the Campbell land which was recorded; that a satisfaction of the mortgage of November 1, 1899, on the Wyndmere lands was partially filled out, but for some reason was never executed. The defendants claim for lack of some necessary data. It is undisputed that at the time the mortgage of date November 1, 1899, was given Barnes, Sr., held a contract of purchase from the Howard Benevolent Society for the southwest quarter of section 32 in township 132 of range 52 on which there was due about $2,-000. On the 18th day of February, 1902, Barnes, Sr., and wife gave a mortgage on said southwest quarter of said section 32 to Williams, Hallett & Griswold for the sum of $1,800, and that the $1,800 obtained from them was used to pay the balance of the purchase price on said southwest quarter of said section 32 to the Howard Benevolent Society, and that Barnes, Sr., procured a deed from said society for said land. Plaintiff by reason of this last-mentioned transaction is in a better position than he was in November, 1899, as to this tract of land. Then there was $2,000 due the Howard Benevolent Society. This was reduced to $1,800 by reason of the mortgage given to Williams, Hallett & Griswold. We think the evidence clearly shows that it was the intention and understanding of the plaintiff and defendants Barnes at the time the May, 1904, settlement was made that the mortgage on the southwest quarter of said section 32 to Williams, Hallett & Griswold was prior and superior to that of the plaintiff. A chart was used at this settlement which shows on its face that there was then a mortgage of $1,800 on said southwest quarter of said section 32, which chart is in evidence. It follows that the mortgage to Williams, Hallett & Griswold is prior to any lien of the plaintiff on the southwest quarter of section 32 in township 132 of range 52, Richland county, N. D., and that the judgment entered herein must be modified by subjecting plaintiff's mortgage to the mortgage of Williams, Hallett & Griswold on this said last-mentioned tract of land, and that the mortgage dated November 1, 1899, and the indebtedness secured thereby are fully paid and satisfied. The evidence in regard to the

counterclaim of defendants Barnes is conflicting, and we cannot say that the trial court erred in dismissing it.

The case will be remanded to the district court of Richland county, with directions to modify its judgment in accordance with this opinion, and the judgment so modified is affirmed. Appellants will recover costs of the appeal, and appellants Williams, Hallett & Griswold will recover costs in both the supreme and district courts, but neither appellants George B. and Henrietta A. Barnes nor respondent will be allowed any costs in the district court. All concur, except Morgan, C. J., not participating.